IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMI JACKSON, D.O., M.P.H., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| v. ) | |
| ) | No. 23-2042-KHV |
| THE CHILDREN'S MERCY HOSPITAL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER TO SHOW CAUSE

On February 8, 2023, Magistrate Judge Kenneth G. Gale granted as unopposed Defendant's Motion For Leave To File Under Seal (Doc. #7), which sought leave to redact plaintiff's hourly rate and compensation from the Affidavit Of Lonna J. Anderson (Doc. #2). For reasons explained below, the Court directs plaintiff to show cause why Magistrate Judge Gale's order (Doc. #8) should not be vacated and Defendant's Motion For Leave To File Under Seal (Doc. #7) should not be overruled.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents. Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012). To do so, the party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process. Id.; see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular

-2-

and specific facts, not merely "stereotyped and conclusory statements").  The Court must rely on specific, rather than general, information when deciding to seal.  See United States v. Bacon, 950 F.3d 1286, 1294 (10th Cir. 2020).

Defendant's motion to seal asserts in conclusory fashion that disclosure of plaintiff's salary information would harm defendant's "business interests, particularly its competitive standing." Defendant's Motion For Leave To File Under Seal (Doc. #7) at 1–2.  Defendant has not explained specifically how disclosure of plaintiff's salary information would harm its competitive standing so that the Court can conduct the nuanced balancing of the public's right of access against the parties' interests in non-disclosure.  **On or before February 20, 2023, defendant shall show good cause in writing why the Court should not vacate Magistrate Judge Gale's order (Doc. #8) and overrule Defendant's Motion For Leave To File Under Seal (Doc. #7).**

**IT IS SO ORDERED**.

Dated this 13th day of February, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge