IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JAMI JACKSON, D.O., M.P.H.,** | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| v. | ) |
| | ) No. 23-2042-KHV |
| **THE CHILDREN'S MERCY HOSPITAL,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM AND ORDER

On January 3, 2023, in the District Court of Johnson County, Kansas, Jami Jackson, D.O., M.P.H., filed suit against The Children's Mercy Hospital ("CMH") seeking a declaration that her non-competition agreement was void and unenforceable. On February 2, 2023, CMH removed the case to this Court. This matter is before the Court on Defendant's Motion To Dismiss Plaintiff's Petition For Declaratory Judgment (Doc. #9) filed February 8, 2023 and Plaintiff's Motion For Remand And Costs (Doc. #13) filed February 9, 2023. For reasons stated below, the Court sustains plaintiff's motion to remand and overrules as moot defendant's motion to dismiss.

## Analysis

### I. Plaintiff's Motion To Remand

A civil action is removable only if plaintiff originally could have brought the action in federal court. See 28 U.S.C. § 1441(a). The Court is required to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction. See Full Life Hospice, LLC v. Sebelius, 709 F.3d 1012, 1016 (10th Cir. 2013).

Article III of the U.S. Constitution limits the exercise of federal judicial power to cases and

controversies. U.S. Const., Art. III, § 2. To satisfy Article III's standing requirements, plaintiff must show that (1) she has suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent," (2) the injury is fairly traceable to the challenged action of defendant and (3) it is likely, as opposed to merely speculative, that a favorable decision will redress the injury. New England Health Care Emps. Pension Fund v. Woodruff, 512 F.3d 1283, 1288 (10th Cir. 2008).

The parties agree that the Court does not have subject matter jurisdiction in this matter because plaintiff lacks Article III standing. See Defendant's Memorandum In Support Of Its Motion To Dismiss Plaintiff's Petition For Declaratory Judgment (Doc. #10) filed February 8, 2023 at 3–4; Plaintiff's Memorandum In Support Of Her Motion For Remand And Costs (Doc. #14) filed February 9, 2023 at 2–3. Likewise, the Court finds that plaintiff has not alleged "concrete and particularized" injury that is "actual or imminent." Spokeo, Inc. v. Robins, 578 U.S. 330, 339 (2016) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). Plaintiff's petition essentially asks for an advisory opinion on the enforceability of her non-competition agreement with CMH. Plaintiff does not assert that she has started work for or accepted employment with a competitor. Because plaintiff lacks Article III standing, the Court does not have subject matter jurisdiction and must remand this case to state court.[1] See 28 U.S.C. § 1447(c).

## II.     Plaintiff's Request For Attorney Fees

Plaintiff asks the Court to order CMH to pay the costs and actual expenses, including

---

[1] Previously, defendant sought leave to file plaintiff's salary information under seal, because disclosure would harm its "business interests, particularly its competitive standing." Defendant's Motion For Leave To File Under Seal (Doc. #7) at 1–2. Defendant has shown good cause why Magistrate Judge Kenneth G. Gale's order (Doc. #8) should not be vacated and Defendant's Motion For Leave To File Under Seal (Doc. #7) should not be overruled. Plaintiff's precise salary was not relevant to the amount in controversy. In addition, because this case does not present a judiciable case and controversy, the amount in controversy is not at issue.

attorney fees, that she incurred as a result of the removal. An order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Courts generally may award costs and attorney fees under Section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005). Conversely, when an objectively reasonable basis exists, courts should deny requests for costs and fees. Id. The Court retains discretion, however, to consider whether "unusual circumstances" warrant a departure from the general rule. Id.

Here, defendant removed this action from state court, arguing that the Court had diversity jurisdiction. Six days later, it sought dismissal for lack of subject matter jurisdiction. Defendant explains that it sought dismissal alternatively under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim on which relief could be granted. Because defendant raised the issue, the Court had to address subject matter jurisdiction before it could consider whether the complaint stated a claim. In any event, the fact that CMH also sought dismissal under Rule 12(b)(6) does not explain why it removed the case in the first place. If CMH believed that plaintiff lacked Article III standing, which would defeat subject matter jurisdiction, it had no reason to remove the case from state court. CMH lacked an objectively reasonable basis to assert in the notice of removal that the amount in controversy exceeded $75,000, then within days—with no apparent change in circumstances—argue that the Court should remand because plaintiff had not shown a case or controversy. CMH's removal can only be characterized as gamesmanship. Exercising its broad discretion, the Court sustains plaintiff's request for costs and actual expenses including attorney fees. See Houlik v. Santander Consumer, USA, Inc., No. 14-1101-KHV, 2014 WL 6632951, at *6–7 (D. Kan. Nov. 21, 2014).

-4-

**IT IS THEREFORE ORDERED** that Defendant's Motion To Dismiss Plaintiff's Petition For Declaratory Judgment (Doc. #9) filed February 8, 2023 is **OVERRULED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion For Remand And Costs (Doc. #13) filed February 9, 2023 is **SUSTAINED.  Under 28 U.S.C. § 1447(c), the Court remands this action to the District Court of Johnson County, Kansas.  Plaintiff is awarded her costs and actual expenses, including attorney fees, that she incurred as a result of the removal.  The parties shall comply with D. Kan. Rules 54.1 and 54.2 as to the amount of costs and expenses including attorney fees.**

Dated this 19th day of April, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge
